IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| H R C. STORE, INC. and | ) |
| HALL'S CROSSING, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendants H R C. STORE, INC. and HALL'S CROSSING, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Douglasville, Georgia (Douglas County).

4. Plaintiff suffers from Epilepsy, Multiple Sclerosis ("MS") and has suffered multiple injuries resulting in irreversible damage to her legs, and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Defendant H R C. STORE, INC. (hereinafter "HRC") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. HRC operates a business located at 2959 Chapel Hill Road, Douglasville, Georgia 30135, doing business as "Shell Foodmart."

9. HRC may be properly served with process via its registered agent for

service, to wit: Razia Dossani, 2959 Chapel Hill Road, Douglasville, Georgia 30135.

10. HRC is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Defendant HALL'S CROSSING, LLC (hereinafter "HALL") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

12. HALL is the owner or co-owner of the real property and improvements that are the subject of this action.

13. HALL may be properly served with process via its registered agent for service, to wit: George W. Herrington, 2473 Hyde Manor Drive, Atlanta, Georgia 30327.

## FACTUAL ALLEGATIONS

14. On or about August 27, 2020, Plaintiff was a customer at "Shell Foodmart."

15. Plaintiff's access to the business(es) located at 2959 Chapel Hill Road, Douglasville, Georgia 30135, Douglas County Property Appraiser's parcel

number 00240150007, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff lives approximately three (3) miles from Facility and Property.

17. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

18. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

19. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

### COUNT I
### VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities

Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

21.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

22.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.     The Facility is a public accommodation and service establishment.

24.     The Property is a public accommodation and service establishment.

25.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27.     Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28.     The Facility must be, but is not, in compliance with the ADA and

ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers,

conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

(a) **EXTERIOR ELEMENTS:**

(i) The accessible parking space on the Property most proximate to the entrance of the "Shell Foodmart" portion of the Facility is

       missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(ii)    The accessible parking space on the Property most proximate to the entrance of the "Shell Foodmart" portion of the Facility has inadequate dimensions and is not adequately marked, in violation of sections 502.1 and 502.2 of the 2010 ADAAG standards.

(iii)   The accessible parking space on the Property most proximate to the "Shell Foodmart" portion of the Facility has an associated access aisle that is situated perpendicularly, and does not run the full length of the vehicle pull-up space, in violation of section 502.3 of the 2010 ADAAG standards.

(iv)   Portions of the walking surfaces of the accessible route on the Property that leads to the entrance of the "Shell Foodmart" portion of the Facility require turning upon surfaces with excessive changes in level, in violation of section 304.2 of the 2010 ADAAG standards.

(v)    The two (2) accessible parking spaces on the Property most proximate to Suite 2595-B are not adequately marked, in

      violation of section 502.1 of the 2010 ADAAG standards.

(vi) One of the two (2) accessible parking spaces on the Property most proximate to the Suite 2595-B portion of the Facility has signage that states that the space is van accessible, but it is not a van accessible space. Thus, the Property lacks a van accessible disabled parking space, in violation of section 208.2.4 of the 2010 ADAAG standards.

(vii) The two (2) accessible parking spaces on the Property most proximate to the Suite 2595-B portion of the Facility have inadequate dimensions and are not adequately marked, in violation of sections 502.1 and 502.2 of the 2010 ADAAG standards.

(viii) The access aisle adjacent to the two (2) accessible parking spaces on the Property most proximate to the Suite 2595-B portion of the Facility has inadequate dimensions and is not adequately marked, in violation of section 502.3 of the 2010 ADAAG standards.

(ix) The access aisle adjacent to the two (2) accessible parking spaces on the Property most proximate to the Suite 2595-B

portion of the Facility has a concrete parking stop within its boundaries, creating an excessive vertical rise, and further, the presence of such parking stop encourages people to park in the access aisle and is in violation of section 303.2 of the 2010 ADAAG standards.

(x) The ramp on the Property most proximate to the Suite 2595-B portion of the Facility is situated within the boundaries of a standard parking space, and thus the accessible route leading to the most proximate accessible ramp is obstructed when vehicles are parked in said standard space, resulting in the ramp's width being below the minimum 36" (thirty-six inches) as required by sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

(xi) The landing at the top of the ramp on the Property most proximate to the Suite 2595-B portion of the Facility does not provide for a 36" (thirty-six inch) clear and level landing, in violation of section 406.4 of the 2010 ADAAG standards.

(xii) The side flares of the above-described ramp have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(xiii) The accessible parking space on the Property most proximate to the Suite 2595-H portion of the Facility is missing a proper identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(xiv) The accessible parking space on the Property most proximate to the Suite 2595-H portion of the Facility is not adequately marked, in violation of sections 502.1 of the 2010 ADAAG standards.

(xv) There is an excessive vertical rise at the base of the accessible ramp most proximate to the Suite 2595-H portion of the Facility, in violation of section 405.7 of the 2010 ADAAG standards.

(xvi) The landing at the top of the ramp most proximate to the Suite 2595-H portion of the Facility does not provide for a 36" (thirty-six inch) clear and level landing, in violation of section 406.4 of the 2010 ADAAG standards.

(xvii) The actionable mechanisms on the gas pumps are at a height exceeding 54" (fifty-four inches) from the ground, in violation of section 308.3.1 of the 2010 ADAAG standards.

**(b)    INTERIOR ELEMENTS:**

(i)     The interior of the Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii)    The accessible routes within the "El Fogon" portion of the North Facility do not provide for 36" (thirty-six inches) of clear width throughout, in violation of section 403.5.1 of the 2010 ADAAG standards.

(iii)   The restrooms of the "Shell Foodmart" portion of the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iv)    The hardware on the restrooms of the "Shell Foodmart" portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(v)     The controls on the faucets in the restrooms of the "Shell Foodmart" portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG

standards.

(vi) Defendant has ambulatory configuration toilet compartments in the restrooms of the "Shell Foodmart" portion of the Facility that attempt to comply with section 604.8.2 of the 2010 ADAAG standards; however, there are no toilet compartments in said restrooms compliant with section 604.8.1 of the 2010 ADAAG standards. As a result, Defendant is in violation of section 213.3.1 of the 2010 ADAAG standards.

35. Without limitation, the above-described violations of the ADAAG made it more difficult and dangerous for Plaintiff to travel upon the exterior routes on the Property and rendered portions of the interior accessible routes inside the Facility (and thus also the restroom) inaccessible to Plaintiff.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

37. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA

violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.   All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

40.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

41.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

42.   In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including

those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find H R C. STORE, INC. in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b) That the Court find HALL'S CROSSING, LLC in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the

physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: September 18, 2020.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich